

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DIVERSIFIED MAINTENANCE-RWS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-1563-GMB |
| | ) | |
| CITY STORAGE SYSTEMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Diversified Maintenance—RWS, LLC filed this complaint against Defendant City Storage Systems, LLC, d/b/a CSS for breach of contract, account stated, and unjust enrichment under Alabama law. Doc. 1.  The basis for this court's subject matter jurisdiction over this dispute is unclear.  The complaint asserts that the court has jurisdiction under the "service agreement executed by both parties," but this is a court limited jurisdiction derived from statutory authority. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006).  The parties' agreement cannot confer jurisdiction over claims otherwise outside of the court's power.

If the complaint could somehow be read to assert diversity jurisdiction under 28 U.S.C. § 1332(a), it is not properly alleged.  The court has diversity jurisdiction when there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  The court is

not satisfied that this controversy meets the $75,000 threshold since the complaint alleges contractual damages of $30,629.61, plus interest, attorney's fees, and costs.

In addition, the complaint improperly alleges complete diversity of the parties. Complete diversity means that "every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The complaint does not contain any citizenship allegations for the plaintiff. And for the defendant, the complaint states that it "is a domestic/foreign corporation/LLC organized and existing under the laws of the state of Delaware." Doc. 1 at 1. But both parties are LLCs. For purposes of diversity of citizenship, "a limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'" *Porter v. Crumpton & Assoc's, LLC*, 862 F. Supp. 2d 1303, 1308 (M.D. Ala. 2012) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings*, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004)). Consequently, "[t]o sufficiently allege the citizenship[] of [an] unincorporated business entit[y], a party must list the citizenships of all the members of the limited liability company." *Rolling Greens*, 374 F.3d at 1022. The complaint does not identify the members of either LLC or allege the members' citizenship.

Accordingly, the complaint does not establish diversity jurisdiction. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94

(2010).  Accordingly, the plaintiff is ORDERED to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction on or before **April 3, 2023**.  In the alternative, the plaintiff may file an amended complaint adequately alleging diversity of citizenship on or before **April 3, 2023**.

DONE and ORDERED on March 20, 2023.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE